NAME _____
_ENRIQUE RIVERA, (PRO SE)_
PRISON NUMBER _F-19100 (C-6-210)_
_P.O. BOX 5103_
CURRENT ADDRESS OR PLACE OF CONFINEMENT
_DELANO, CAL. 93216~6000_
_____
CITY, STATE, ZIP CODE

_Original._    FILED

2008 MAR 21 PM 3:28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY____Rm____DEPUTY

2254 ✓    1983
FILING FEE PAID
Yes___    No ✓
IFP MOTION FILED
Yes___    No ✓
COPIES SENT TO
Court ✓    ProSe___

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

_ENRIQUE RIVERA_ ,
(FULL NAME OF PETITIONER)
**PETITIONER**

v.

_A. HEDGPETH, WARDEN_ ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**
and

_EDMUND G. BROWN JR._ ,
The Attorney General of the State of
California, Additional Respondent.

Civil No _'08 CV 0535 JM RBB_
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

_EVIDENTIARY HEARING
REQUSTED._

1. Name and location of the court that entered the judgment of conviction under attack: _____
   _SUPERIOR COURT OF RIVERSIDE COUNTY, CALIFORNIA._

2. Date of judgment of conviction: _FEB. 26, 2006_

3. Trial court case number of the judgment of conviction being challenged: _____
   _RIV. CO. # RIF117248._

4. Length of sentence: _25 YEARS TO LIFE + 1 YEAR._

CIV 68 (Rev. Jan. 2006)

CV

5. Sentence start date and projected release date: _FEBRUARY. 27, 2008. — MAY. 15, 2030._

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _P.C. §187, ONE CT. FIRST DEGREE MURDER W/ USE OF DEADLY WEPEON; P.C. §12022 (b)._

7. What was your plea? (CHECK ONE)
   (a) Not guilty            ☑
   (b) Guilty               ☐
   (c) Nolo contendere      ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury      ☑
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _APPEAL DENIED_
    (b) Date of result (if known): _No. E040047._
    (c) Case number and citation (if known): _No. E040047_
    (d) Names of Judges participating in case (if known) _UNKNOWN TO PETITIONER_
    _____
    (e) Grounds raised on direct appeal: _EC. 1101, 1108, EVIDENCE OF PRIOR ACTS ADMITTED BY COURT IN VIOLATION OF U.S. CON 5TH AND 14TH AMENDMENTS. PREJUDICIAL ERR._

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _PETITION FOR REVIEW DENIED*_
    (b) Date of result (if known): _MARCH 28, 2007_
    (c) Case number and citation (if known): _S150457_
    _____
    (d) Grounds raised: _* SEE PETITION ATTACHED. AS "APENDIX A."_
    _____

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result: _____

    (b)  Date of result (if known): _____

    (c)  Case number and citation (if known): _____

          _____

    (d)  Grounds raised: _____

          _____

          _____

          _____

          _____

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☑ No

**15.** If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known):_____

    (b)  Nature of proceeding: _____

          _____

    (c)  Grounds raised: _____

          _____

          _____

          _____

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (e)  Result: _____

    (f)  Date of result (if known): _____

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☑ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

        _____

    (d) Grounds raised: _____

        _____

        _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☑ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): *S150457*

    (b) Nature of proceeding: *"PETITION FOR REVIEW TO EXHAUST..."*

    (c) Grounds raised: *THE COURT PREJUDICIALLY ERRED IN PERMITTING THE PEOPLE TO OFFER PRIOR ACTS EVIDENCE OF VIOLENCE ON THE ISSUES OF MOTIVE, INTENT, AND PREDISPOSITION; THE COURT FAILED TO EXCLUDE THE EVIDENCE PURSUANT TO CAL EVIDENCE Code SECTIONS 1101, 1109 AND 352.*

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☑ No

    (e) Result: *PETITION FOR REVIEW DENIED*

    (f) Date of result (if known): *3-28-2007*

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☑ Yes ☐ No      (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
             ☐ Denied on the merits?
             ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

CIV 68 (Rev. Jan. 2006)

cv

**GROUNDS FOR RELIEF**

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: PETITIONER'S 5TH AND 14TH AMENDMENT RIGHTS, PURSUANT TO THE U.S. CONSTITUTION, WERE VIOLATED BY THE ADMITTING OF PRIOR ACTS EVIDENCE PURSUANT TO CAL. EVIDENCE CODES 1101(b), 1109, AND BY THE TRIAL COURTS FAILURE TO PROPERLY EXCLUDE UNDER 352.

FACTS: IN RESPONSE TO A PRE-TRIAL MOTION FILED BY THE PEOPLE SEEKING TO OFFER EVIDENCE OF PRIOR ACTS AND ACTS OF DOMESTIC VIOLENCE (Evid. Code §§ 1101, subd. (b) & 1109(a)), PETITIONER MOVED TO EXCLUDE THE EVIDENCE. (1 RT, p. 60) THE PEOPLES' OFFER OF PROOF INCLUDED:

1. THE MONTANO INCIDENT I. (Ibid.)
2. THE MONTANO INCIDENT II. (1 RT 63-64)
3. THE VIVIAN CHIKHALHADDAEN INCIDENT. (1 RT 68-69.)

AS TO THE 1ST MONTANO INCIDENT, THE COURT ADMITTED THE EVIDENCE UNDER EVIDENCE CODE SECTIONS 352 and 1101. (1 RT - 62-63.) THE 2nd MONTANO INCIDENT, THE PEOPLE OFFERED IT PURSUANT TO SECTION 1101, subd. (b) FOR "STATE OF MIND AND MOTIVE." (1 RT 65.)   (GROUND ONE CONTINUED ON PG'S 6A —      )

Did you raise GROUND ONE in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding ~~(i.e.,~~ petition for review ~~habeas petition)~~: PET. FOR REVIEW

(2) Case number or citation: S150457 (SEE APENDIX A)

✱ (3) Result (attach a copy of the court's opinion or order if available): → DENIED. ORDER UN-AVAILABLE TO PETITIONER due TO LOSS OF MOST ALL APPEAL BRIEFS (INCL. AOB & AG'S RESPONSE) TO A JAILHOUSE LAWYER WHO TRANSFERED WITH THEM.

1  THE COURT ADMITTED THE EVIDENCE UNDER SECTIONS 352
2  AND 1101. (1 RT-66.)
3     AS TO THE VIVIAN Chikhachaddaden INCIDENT, THE COURT
4  OVERRULED PETITIONER'S OBJECTION PERMITTING THE EVIDENCE
5  UNDER SECTIONS 352 AND 1109. (1 RT @ 71.)
6     THE ADMISSION OF THE PRIOR ACTS, WHETHER CHARACTERIZED
7  AS PRIOR BAD ACTS UNDER 1101, OR DOMESTIC VIOLENCE UNDER
8  1109, PETITIONER AVERS THAT THE ADMISSIONS WERE
9  PREJUDICIAL RESULTING IN UNFAIR TRIAL REQUIRING
10  REVERSAL.

11          B. THE PROFFERED EVIDENCE FAILED TO
12             MEET THE CRITERIA FOR ADMISSIBILITY
13             PURSUANT TO 1101, (b).

14     THE TRIAL COURT PERMITTED THE MONTANO I AND II
15  PRIOR ACTS PURSUANT TO EVIDENCE Code SECTION 1101(b)
16  ON THE THEORY THAT THEY ASSISTED THE JURY IN
17  DETERMINING PETITIONERS' STATE-OF-MIND AND MOTIVE,
18  THIS WAS ERROR.
19        THE MONTANO I AND II INCIDENTS COMPRISED
20  TWO DISTINCT CIRCUMSTANCES SEPARATED BY A MONTH.
21  AS TO THE FIRST "INCIDENT," THERE WAS NO PROFFERED
22  PRIOR ACT BUT RATHER ALLEGED STATEMENT (ADMISSION)
23  BY PETITIONER THAT WAS ADMISSABLE AS TO MOTIVE
24  /STATE-OF-MIND AND SUBJECT TO A HEARSAY EXCEPTION.
25  BUT THE SECOND INCIDENT, ONE IN WHICH PETITIONER
26  WAS TO HAVE MEERLY LOCKED MONTANO (AND BURNS)
27  OUT OF THE HOUSE AND THEN CHASED MONTANO (A
28  RENTER OF ONE ROOM IN THE HOUSE W/ NO DOMESTIC

- 6 A -

1  RELATIONSHIP TO PETITIONER OUTSIDE THAT RENTER
2  CONTEXT) OFF THE PREMISES, THIS INCIDENT did <u>NOT</u>
3  CONSTITUTE AN ACT OF domestic VIOLENCE NOR did
4  IT COMPORT WITH THE RESTRICTIONS IMPOSED by THE
5  COURTS ON THE USE OF PRIOR ACTS. (SEC: <u>PEOPLE V.</u>
6  <u>Ewoldt</u>, (1994) 7 CAL. 4TH 380, 394 @ fn. 2.)
7      IT WAS NEVER ESTABLISHED WHY PETITIONER WAS
8  ANGRY AT MONTANO EXCEPT THAT ON CROSS-EXAMINATION
9  MONTANO CONCEEDED THAT HE AND THE DECEDENT HAD
10  BEEN SMOKING METHAMPHETAMINE IN THE house
11  WHICH ANGERED PETITIONER. (2RT @ 278) MONTANO
12  DENIED BEING homosexual OR ROMANTICALLY INVOLVED
13  WITH THE DECEDENT but RATHER LIVED IN THE RESIDENCE
14  SOLEY AS A RENTER. (2RT @ 262.) IN SHORT THERE WAS
15  NOTHING WHICH ESTABLISHED THAT PETITIONER'S
16  MOTIVE FOR HIS ANGER TOWARDS MONTANO WAS directed
17  AT HIM (OR BURNS) AS A RESULT OF JEALOUSY AS
18  ALLEGED by THE PROSECUTION OR THAT IT EXPLAINED
19  PETITIONER'S LATER ACTIONS TOWARDS THE DECEDENT.
20
21          C. THE COURT ERRED IN ADMITTING
22          EVIDENCE OF THE VIVIAN CHIKH-
23          ACHALHADDADEN INCIDENT PER.
24          EVIDENCE CODE 1109, AND. 352
24  AS TO THE ABOVE, THE INCIDENT INVOLVED AN ACT
25  OF ATTEMPTED SUICIDE by PETITIONER WHERE
26  HE grabbed THE STEERING WHEEL OF THE CAR (IN
27  WHICH HE AND THREE OTHER PEOPLE WERE RIDING)
28  IN AN ATTEMPT TO CRASH THE CAR AND KILL

1 ALL IN THE CAR OVER AN ARGUMENT ABOUT A
2 CHOICE OF PARKING SPACES AT A NIGHT CLUB CALLED
3 THE SPECTRUM. PETITIONER'S ACTIONS WERE TO SEEK TO
4 COMMIT SUICIDE AND ESSENTIALLY TAKE BURNS AND
5 VIVIAN AND ANOTHER PASSENGER WITH HIM OVER THE
6 ARGUMENT AT THE SPECTRUM. THE MOTIVATION WAS
7 UNCLEAR BUT THE PREJUDICAL EFFECT FAR TOO
8 GREAT UNDER EVIDENCE CODE SEC. 352 AND
9 SHOULD HAVE BEEN EXCLUDED BY THE TRIAL
10 COURT.
11
12     PETITIONER AVERS THAT FOR THE ABOVE STATED
13 REASONS THAT HE DID NOT RECIEVE A FAIR
14 TRIAL WITHIN THE MEANING OF TH U.S.
15 CONSTITUTIONS 5TH, 6TH AND 14TH AMENDMENTS.
16 AND THAT THE CONVICTION SHOULD BE SET
17 ASIDE AND A NEW TRIAL ORDERED.
18     IN THE ALTERNATIVE THAT THE COURT
19 REDUCE THE OFFENCE TO THAT OF SECOND
20 DEGREE MURDER.
21         RESPECTFULLY SUBMITTED,
22
23
24 DATED: 3/3/2008
25                 PRO SE
26
27
28

- 6-C. -

(b) ~~GROUND TWO~~: _____

_____

**Supporting FACTS**: _____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

*N/A*

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)    Case number or citation: _____

(3)    Result (attach a copy of the court's opinion or order if available): _____

**(c) GROUND THREE:**

**Supporting FACTS:**

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

*N/A*

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)    Case number or citation: _____

(3)    Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)

-8-

cv

**(d)** ~~GROUND FOUR~~: _____

Supporting FACTS: _____

Did you raise GROUND FOUR in the California Supreme Court?

    ☐ Yes ☐ No.

If yes, answer the following:

    *N/A*

    (1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)    Case number or citation: _____

    (3)    Result (attach a copy of the court's opinion or order if available): _____

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _Jesse L. Valenzuela, Esq._
_3875 11th St. Suite 102 B, Riverside, Ca. 92501_

(b) At arraignment and plea: _Same ,, ,, ,, ,, (See CT 00006?_

(c) At trial: _Dep. Public Def. R. Verlato_
_Riverside County P.D.'s Office (CT-000070_

(d) At sentencing: _Same ,, ,, ,,_

(e) On appeal: _Richard Schwartzberg, 601 Van Ness Ave. SF Cal._

(f) ~~In any post conviction proceeding~~ ( _PMB Suite E-728_ )   _94102_

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

CIV 68 (Rev. Jan. 2006)

-10-

cv

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes   ☑ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☑ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

_____

(b) ·Give date and length of the future sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes   ☑ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

X _____

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

March , 2008.

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3 / 3 / 2008    ✗ _____

(DATE)                              SIGNATURE OF PETITIONER

"Apendix - A"

"Apendix A"

No. _____

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

---

PEOPLE OF THE STATE OF CALIFORNIA,    )
)
        *Plaintiff & Respondent,*    )
)
           v.    )
)    (No. E040047.)
ENRIQUE RIVERA,    )    (Riv.Co. RIF117248.)
)
        *Defendant & Appellant.*    )
)

---

## PETITION FOR REVIEW TO EXHAUST STATE REMEDIES FROM THE UNPUBLISHED DECISION OF THE FOURTH DISTRICT COURT OF APPEAL, DIVISION TWO AFFIRMING A CRIMINAL CONVICTION

---

Appeal From Superior Court of Riverside County
(The Honorable Patrick F. Magers, Judge Presiding)

RICHARD SCHWARTZBERG
Attorney Bar Number 75011
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
RichardSchwartzberg@hotmail.com
(714) 293-1718

*Attorney for Petitioner*
By appointment of Court of Appeal
under the Appellate Defenders Inc.
Independent-case system

*i*

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Certificate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

      A.    Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

      B.    Substantive Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

           The Court Should Grant Review to Hold That the Court
           Prejudicially Erred in Permitting the People to Offer
           Prior Acts of Violence on the Issues of Motive, Intent,
           and Predisposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

      A.    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

      B.    The Proffered Evidence Failed To Meet The Criteria For
           Admissibility Pursuant To Evidence Code Section 1101,
           Subdivision (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

      C.    The Court Erred In Admitting Evidence Of
           The Vivian Chikhalhaddaden Incident Pursuant
           To Evidence Code Section 1109. . . . . . . . . . . . . . . . . . . . . . . -7-

      D.    The Court Further Erred In Failing To Exclude The Vivian
           Chikhalhaddaden Incident Pursuant To Evidence Code
           Sections 1109 And 352. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

  E.    The Error Was Prejudicial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

*ii*

## TABLE OF CONTENTS (Con't)

Appendix A (Attached Only in Supreme Court Copies) . . . . . . . . . . . . . . . . . . . -11-

Declaration of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

*iii*

# TABLE OF AUTHORITIES

## DECISIONS

People v. Branch (2001) 91 Cal.App.4th 274 . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

People v. Escobar (2000) 82 Cal.App.4th 1085 . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

People v. Ewoldt (1994) 7 Cal.4th 380. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

People v. Falsetta (1999) 21 Cal.4th 903 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

People v. Jennings (2000) 81 Cal.App.4th 1301 . . . . . . . . . . . . . . . . . . . . . . . . -7-

People v. Scheer (1998) 68 Cal.App.4th 1009 . . . . . . . . . . . . . . . . . . . . -5-, -6-, -8-

People v. Watson (1956) 46 Cal.2d 818 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

## STATUTES

California Rules of Court, rule 8.504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

California Rules of Court, rule 8.505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

Evidence Code section 352 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -8-

Evidence Code section 1101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -4-

Evidence Code section 1109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -8-

Penal Code section 12022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Penal Code section 187 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

*-iv-*

## TABLE OF AUTHORITIES (Con't)

### CONSTITUTIONAL PROVISIONS

United States Constitution, amendment V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

United States Constitution, amendment XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

-v-

## SUPREME COURT OF THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,** | ) | No. _____ |
| *Plaintiff & Respondent,* | ) | |
| v. | ) | (No. E040047.) |
| **ENRIQUE RIVERA,** | ) | (Riv.Co. RIF117248.) |
| *Defendant &Appellant* | ) | |

TO:     THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE OF THE
        CALIFORNIA SUPREME COURT AND THE HONORABLE
        ASSOCIATE JUSTICES:

Enrique Rivera, defendant below, by and through his counsel, Richard
Schwartzberg, for the purposes of exhausting state remedies, petitions the Court to
Review the unpublished decision of the Fourth District Court of Appeal, Division Two,
filed January 22, 2007, affirming his criminal conviction. A copy of the opinion is
attached in appendix A. (*Cal. Rules of Ct.,* rule 8.505, subd. (b)(4).)

The petition presents no grounds for Review pursuant to *California Rules of
Court*, rule 8.500, subdivision (b) but is filed solely to exhaust state remedies to permit
petitioner to seek federal habeas corpus relief.

## RULE 8.504 CERTIFICATE

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

-vi-

Counsel certifies the instant brief complies with rule *California Rules of Court*, rule 8.504, subdivision (d) and numbers 2,633 words.

## STATEMENT OF FACTS

A.    *Procedural History.*

Petitioner, Enrique Rivera, was charged by information with one count of murder (*Pen. Code*, § 187) with the further allegation that he used a dangerous weapon. (*Pen. Code*, § 12022, subd. (b).) (C.T., p. 20.)

Trial commenced on January 26, 2006. (C.T., p. 132.) On February 2nd jurors returned verdicts finding petitioner guilty as charged fixing the murder at first degree. (C.T., pp. 144, 228-229.)

Petitioner was sentenced to an indeterminate term of twenty-six years to life. (C.T., pp. 233 & 257.)

B.    *Substantive Facts.*

For purposes of this Petition only, petitioner incorporates the facts as set forth throughout the appellate court's opinion.

## ARGUMENT

*THE COURT SHOULD GRANT REVIEW TO HOLD THAT THE COURT PREJUDICIALLY ERRED IN PERMITTING THE PEOPLE TO OFFER PRIOR ACTS OF VIOLENCE ON THE ISSUES OF MOTIVE, INTENT, AND PREDISPOSITION*

-vii-

A.    Introduction.

In response to a pre-trial brief filed by the People seeking to offer evidence of prior acts and acts of domestic violence (*Evid. Code*, §§ 1101, subd. (b) & 1109, subd. (a)), petitioner moved to exclude the evidence.[1] (1R.T., p. 60.) The People's offer of proof included:

1.    · The Montano incident I. (*Ibid.*)

2.    The Montano incident II. (1R.T., pp. 63-64.)

3.    The Vivian Chikhalhaddaden incident. (1R.T., pp. 68-69.)

As to the Montano incident I, the court admitted the evidence under *Evidence Code* sections 352 and 1101. (1R.T., pp. 62-63.)

As to the Montano incident II, the People offered this incident pursuant to section 1101, subdivision (b) for "state of mind and "motive." (1R.T., p. 65.) The court

---

[1]    "And, again, I just want to reiterate what my objections were for the record. [¶] I have stated before that I feel that this type of propensity evidence is fundamentally unfair. It violates the due process clause. I want to reiterate that statement under both the Fifth and Fourteenth Amendments of the United States Constitution. I specifically want to cite *Falsetta* 21 Cal.4th 903. The case that analyzed the issue in regards to 1109 said that the Court – the Court's availability and use of Evidence Code section 352 sufficiently protected the defendant's rights of due process such that 1109 is not violative of due process, per se. [¶] In this instance, I've asked the court to do the 352 analysis and exclude under 352 because the prejudicial impact outweighs the probative value." (1R.T., p. 67.)

admitted the evidence under *Evidence Code* sections 352 and 1101. (1R.T., pp. 66.)

As to the Vivian Chikhalhaddaden incident, the court overruled petitioner's objection permitting the evidence under sections 352 and 1109. (1R.T., p. 71.)

The admission of the prior acts, whether characterized as prior bad acts under section 1101, subdivision (b) or prior domestic violence, under section 1109, was prejudicial error requiring reversal.

B.   *The Proffered Evidence Failed To Meet The Criteria For Admissibility Pursuant To Evidence Code Section 1101, Subdivision (b).*

The trial court permitted the Montano I and II prior acts pursuant to *Evidence Code* section 1101, subdivision (b) on the theory that they assisted the jury in determining petitioner's state-of-mind and motive (essentially the same issue). This was error.

The Montano I and II incidents comprised two distinct circumstances separated by one month. As to the first "incident," there was no proffered prior act but rather an alleged statement (admission) by petitioner which petitioner concedes was otherwise admissible as relevant to motive/state-of-mind and subjection to a hearsay exception. But as to the second incident, one in which petitioner was to have simply locked Montano and Burns outside the residence and then chased Montano down the street, this incident was neither an act of domestic violence not did it comport with restrictions

-ix-

imposed by the courts on the use of prior acts.

The Court clarified the rules governing the admissibility of prior misconduct[2] in *People v. Ewoldt* (1994) 7 Cal.4th 380. There the Court took an historical look at other crimes evidence, the purposes for which it may be admissible, and the standards to be applied. There the Court discussed differing levels of proof to permit introduction of prior offenses on the questions of intent or identity[3] but did not discuss the evidentiary support when the evidence is accepted solely on the question of motive, the sole basis permitted by the court here.

In *People v. Scheer* (1998) 68 Cal.App.4th 1009, a post-*Ewoldt* decision, the court of appeal was confronted with the admissibility of a prior act solely on the issue of motive. The court held that unlike intent or identity, the inquiry is different gov-

---

[2]      (*Evid. Code*, § 1101, subd. (b))

[3]      The Court noted that, "[the] distinction, between the use of evidence of un-charged acts to establish the existence of a common design or plan as opposed to the use of such evidence to prove intent or identity, is subtle but significant. Evidence of **intent** is admissible to prove that, if the defendant committed the act alleged, he or she did so with the intent that comprises an element of the charged offense. `In proving intent, the act is conceded or assumed; what is sought is the state of mind that accompanied it. Evidence of a common design or plan is admissible to establish that the defendant committed the act alleged. Unlike evidence to prove intent, where the act is conceded or assumed, `in proving design, the act is still undetermined. Evidence of identity is admissible where it is conceded or assumed that the charged offense was committed by someone, in order to prove that the defendant was the perpetrator." (*People v. Ewoldt, supra*, 7 Cal.4th at p. 394, fn. 2.)

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

-x-

erning motive requiring that the prior offense be linked to the present offense by

providing an explanation for the current offense.

> "In contrast, `the intermediate fact of motive' may be established by evidence of `prior dissimilar crimes.' (*People v. Thompson, supra*, 27 Cal.3d 303, 319, fn. 23.) `Similarity of offenses [is] not necessary to establish this theory of relevance' for the evident reason that the motive for the charged crime arises simply from the com-mission of the prior offense. (*Ibid.*) The existence of a motive **requires a nexus between the prior crime and the current one**, but such linkage is not dependent on comparison and weighing of the similar and dissimilar characteristics of the past and present crimes. (See, e.g., *People v. Daniels* (1991) 52 Cal.3d 815, 857 [direct relationship between prior robbery where defendant rendered paraplegic by police and murder of officers in retribution]; *People v. De La Plane, supra*, 88 Cal.App.3d 223, 245-246 [prior robberies evidence admissible to show motive to murder witnesses].) (*Id.*, at p. 1018, emph. added.)

In *Scheer* the court of appeal found evidence of flight from police three years

earlier improperly admitted on the question of motive in a prosecution for hit and run.

As the court pointed out,

> "there must be a nexus or direct link between the com-mission of the prior misconduct and the charged crime. Here there is none. No relationship exists between 's 1993 flight from police following his failure to obey a red light and his flight from civilian eyewitnesses after a collision between his vehicle and another. The individuals involved in each accident are wholly uncon-nected to each other. The events themselves do not have any apparent

-xi-

overlapping characteristics." (*People v. Scheer, supra,* 68 Cal.App.4th 1009, 1019-1020.)

Here, as in *Scheer*, there was no such nexus. It was never established why petitioner was angry at Montano except that during cross-examination Montano conceded that he and the decedent had been smoking methamphetamine in the residence angering petitioner. 2R.T., p. 278.) Montano denied being homosexual or romantically involved with the decedent but rather lived in the residence solely as a renter. (2R.T., p. 262.) In short, there was nothing which established that petitioner's motivation for his anger and behavior towards Montano was directed at him or Burns as a result of jealousy as alleged by the People or that it explained petitioner's later actions towards the decedent. It was error to admit Montano's testimony as to incident II except to establish that petitioner easily angered and had a violent disposition.

> C.    *The Court Erred In Admitting Evidence Of The Vivian Chikhalhaddaden Incident Pursuant To Evidence Code Section 1109.*

Petitioner reasserts that the admission of evidence under *Evidence Code* section 1109 violated his constitutional right to Due Process. (*U.S. Const.*, amends. V & XIV.) Petitioner concedes that the issue appears to have been resolved by *People v. Falsetta* (1999) 21 Cal.4th 903, 922 (*Falsetta*). (*People v. Escobar* (2000) 82 Cal.App.4th 1085; *People v. Jennings* (2000) 81 Cal.App.4th 1301.)

> D.    *The Court Further Erred In Failing To Exclude The Vivian*

*Chikhalhaddaden Incident Pursuant To Evidence Code Sections 1109 And 352.*

The Vivian Chikhalhaddaden incident involved an argument between petitioner and decedent over an unknown cause (where petitioner parked at Spectrum?), did not involve an issue of jealousy, but did demonstrate to jurors a propensity towards violence when angry where petitioner acted as if to kill not only Burns but petitioner himself and two women in the car.

Even assuming the incident was otherwise admissible pursuant to *Evidence Code* section 1109, the court erred in failing to exclude the evidence as more prejudicial than probative. As the court in *Scheer* pointed out, apart from determining relevancy/admissibility, the court must take the further step to determine if the proffered, other prior misconduct evidence is more prejudicial than probative.

> "Besides relevancy to a matter other than the defendant's bad character or criminal disposition, `[t]here is an additional requirement for the admissibility of evidence of uncharged crimes: The probative value of the uncharged offense evidence must be substantial and must not be largely outweighed by the probability that its admission would create a serious danger of undue prejudice, of confusing the issues, or of misleading the jury. On appeal, a trial court's resolution of these issues is reviewed for abuse of discretion.' (*People v. Kipp, supra,* 18 Cal.4th 349, 371, citation omitted.)" (*People v. Scheer, supra,* 68 Cal.App.4th 1009, 1018.)

In determining whether the evidence of uncharged domestic violence offenses

-*xiii*-

is admissible under *Evidence Code* section 352, the trial court must balance the prob-

ative value against four factors: "(1) the inflammatory nature of the uncharged con-

duct; (2) the possibility of confusion of issues; (3) remoteness in time of the un-charged

offenses; and (4) the amount of time involved in introducing and refuting the evidence

of uncharged offenses." (*People v. Branch* (2001) 91 Cal.App.4th 274, 282.) Here

factor one militated against the admissibility of the Vivian Chikhalhaddaden incident

as far too prejudicial and minimally probative.

Petitioner's actions were to seek to commit suicide and essentially kill Burns and

two women at the same time over an argument occurring at the Spectrum. The motiva-

tion was unclear but the prejudice was great. It again demonstrated that petitioner was

easily angered (parking place) and that his anger easily resulted in both suicidal and

homicidal acts. It was the worst type of character evidence. The court erred in failing

to exclude the Chikhalhaddaden incident as far too prejudicial.

E.    *The Error Was Prejudicial.*

The test on appeal from error in the admission of other crimes evidence is

whether it is "reasonably probable a result more favorable to [the defendant] would

have been reached absent the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

-*xiv*-

Jurors were asked to decide two issues:[4] was it petitioner who was seen killing Burns

and what was petitioner's mental state. Because the Montano II and Chikhalhaddaden

incidents added virtually nothing to either question but did paint a broad brush des-

cribing petitioner as irrational, easily angered and violent, they prejudicially impacted

the question of mental state.

Petitioner's sole argument was that petitioner did not premeditate the killing.

(2R.T., p. 452.) The latter two incidents however foreclosed for the jury reaching a

verdict of second degree murder given petitioner's clear character trait for violence

portrayed by his actions towards Montano over the smoking of methamphetamine in

the house and a simple argument over where petitioner chose to park at the Spectrum.

The two incidents should not have been admitted and the Court should grant

review and reverse .

## CONCLUSION

For the foregoing reasons petitioner prays the Court grant the Petition For

Review.

Dated: February 21, 2007                    Respectfully submitted,

_____

---

[4]     Petitioner concedes that the issue of identity was never really contested.

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

-*xv*-

RICHARD SCHWARTZBERG
Attorney for Petitioner

*-xvi-*

# APPENDIX A
## (ATTACHED ONLY IN SUPREME COURT COPIES)

People v. Rivera            )      **DECLARATION OF SERVICE**
                        )      E040047

STATE OF CALIFORNIA      )
COUNTY OF ORANGE       )     ss

      Richard Schwartzberg declares that he is a resident of San Francisco County, over the age of eighteen years, not a party to the above-entitled action and has a business address at 601 Van Ness Avenue, PMB Suite E-728, San Francisco, California 94102.

      That on the     day of February, 2007, I served a copy of the appellant's Petition For Review in the above-entitled action by depositing a copy thereof in a sealed envelop, postage thereon fully paid, in the United States mail at San Francisco, California. Said envelopes were addressed as follows:

ATTORNEY GENERAL                   District Attorney Riverside County
110 WEST "A" Street, Suite 1100         4075 Main Street
Post Office Box 85266                    Riverside, California 92501
San Diego, California 92186-5266

                                 Mr. Enrique Rivera

APPELLATE DEFENDER'S INC.
555 West Beech Street                    Mr. Henry Espinosa, Clerk
Suite 300                              Fourth District Court of Appeal,
San Diego, California 92101           Division Two
                                   3389 Twelfth Street
                                   Riverside, California 92501

      I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct this _____ day of February, 2007.

                                           _____

Law Office Of Richard L. Schwartzberg
601 Van Ness Avenue
PMB Suite E-728
San Francisco, California 94102
(714) 293-1718

-17-

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Enrique Rivera

FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO ___
Court ___ Pro Se ___

1983

2008 MAR 21 PM 3: 29

Hedgpeth, et al US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Kern
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY) BY ___ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Enrique Rivera
PO Box 5103
Delano, CA 93216
F-19100

**ATTORNEYS (IF KNOWN)**

'08 CV 0535 JM RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question
                                    (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in
                                    Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 330 Federal Employers' | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| &Enforcement of Judgment | Liability | ☐ 368 Asbestos Personal Injury | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | ☐ 650 Airline Regs | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| Loans (Excl. Veterans) | Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| of Veterans Benefits | ☐ 355 Motor Vehicle Product | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt. Reporting & | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | Product Liability | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**     JUDGE ___     Docket Number ___

DATE     March 21, 2008

SIGNATURE OF ATTORNEY OF RECORD
R Miller